UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRADLEY JAMES YOUNG,

    Petitioner,

v.                                                      Case No. 23-C-788

STATE OF WISCONSIN,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION

Petitioner Bradley James Young filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 20, 2023, Magistrate Judge William E. Duffin filed a Report and Recommendation, in which he recommends that the petition be dismissed as a second or successive petition under 28 U.S.C. § 2244(b). Young filed an objection to the Report and Recommendation on July 7, 2023. For the following reasons, the court adopts Judge Duffin's Report and Recommendation in full.

Young was convicted in Green Lake County Circuit Court of seven counts of burglary of a building or dwelling. *See* Case No. 2013CF78 (Green Lake County, Wis.). He was sentenced to 15 years of initial confinement, 15 years of extended supervision, and five years of probation. Young filed a petition for writ of habeas corpus on June 14, 2021, asserting that the sentencing judge was biased against him, that the sentencing judge prejudged Young's sentence, that he was deprived of his statutory right to judicial substitution, and that the judge failed to provide the "basic framework" of a presumptively valid sentence. *See* Case No. 21-CV-727 (E.D. Wis.). On May 15, 2022, Magistrate Judge Stephen C. Dries denied Young's petition. *Id.*

Young filed the instant petition on June 15, 2023, asserting that the circuit court violated his Fifth Amendment right against double jeopardy by amending his sentence 1,771 days after the original sentence and that the court of appeals erred in affirming the circuit court's decision. Magistrate Judge Duffin concluded that the instant petition is a second or successive petition because both habeas petitions relate to the same underlying conviction, Green Lake County Case No. 2013CF78, and recommended that the case be dismissed.

Young asserts that his current petition is not "second or successive." Though he concedes that his petitions stem from the same court case, 2013CF78, Young argues that his current petition challenges the circuit court's rulings that occurred five years after the original judgment of conviction. In September 2015, the circuit court imposed bifurcated sentences of three years of initial confinement and three years of extended supervision on five burglary counts, for a total of fifteen years of initial confinement and fifteen years of extended supervision. As to the remaining two burglary counts, the circuit court imposed a five-year term of probation. At the sentencing hearing, the court did not explicitly state whether the term of probation was to be consecutive or concurrent to the prison sentences. In 2020, the Department of Corrections advised the circuit court that Young's probation was nearing completion. In response, the circuit court amended the judgment of conviction to state that the probation term was to run consecutively to the prison sentences. Young asserts that his current petition raises issues that are separate from his original petition.

The court concludes that the instant petition is a second or successive petition because the petition regards the same underlying conviction that Young challenged in his first petition. Although Young's claim that the circuit court improperly amended the judgment of conviction was not raised in the original petition, Magistrate Judge Dries recognized that Young did assert

the claim in his brief in support of his petition. Magistrate Judge Dries declined to consider the claim, however, both because it was not listed in the petition and because it appeared to be procedurally defaulted due to the fact that the record contained no indication that Young ever raised the argument on appeal. *See* Case No. 21-CV-727, Dkt No. 20 at 2 n.2. In fact, unbeknownst to Magistrate Judge Dries, Young was in the process of exhausting his state court remedies as to the claim. That exhaustion became complete when the Wisconsin Court of Appeals affirmed the circuit court's order on October 19, 2022, by concluding that the amended judgments of conviction did not increase Young's sentence but simply clarified the circuit court's intent at sentencing, and the Wisconsin Supreme Court denied Young's petition for review on April 18, 2023. *See State v. Young*, Appeal No. 2021AP1316-CR, *available at* https://wscca.wicourts.gov (last visited July 10, 2023).

Young cannot file a second or successive petition without certification from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Young's argument that he is asserting new claims should be made to the Seventh Circuit in accordance with 28 U.S.C. § 2244(b)(2). Because Young has not obtained an order from the court of appeals permitting him to proceed on his claims in a second or successive petition, this case must be dismissed for lack of jurisdiction. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing.").

For these reasons, the court adopts the Report and Recommendation of the Magistrate Judge and orders the case dismissed for lack of jurisdiction. A certificate of appealability will be

3

denied, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment forthwith.

A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Young decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this 10th day of July, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge